IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LAWRENCE KIDD,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No. 1:09-cv-865
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀(LMB/JFA)
TOM VILSACK, Secretary,⠀⠀⠀)
Department of Agriculture,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant.⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR SANCTIONS

Defendant Tom Vilsack, the Secretary of Agriculture, by and through undersigned counsel, respectfully submits this memorandum of law in support of his motion for sanctions and for a recommendation that this action be dismissed with prejudice for plaintiff Lawrence Kidd's failure to obey the court's discovery orders, Fed. R. Civ. P. 16(f), 37(b), and 37(c)(1), and, in the alternative, for his failure to prosecute and for disobeying the orders of this court, Fed. R. Civ. P. 41(b).

## INTRODUCTION

On November 23, 2009, Judge Brinkema held in abeyance the Secretary's motion to dismiss for one reason: "to allow the plaintiff *one last chance* to comply with his disclosure and discovery obligations and Judge Anderson's Orders of October 9, 2009 and November 20, 2009." Dkt #42 (emphasis added). Judge Brinkema further ordered that "any failures by plaintiff to comply fully with these obligations and Orders *will result* in the Court granting the defendant's motion and

dismissing this complaint with prejudice." *Id.* (emphasis added). That last chance has come to pass, and predictably, plaintiff has now violated his *fourth* direct court order concerning discovery in these proceedings. It is difficult to imagine a case more suited for the sanction of dismissal than the one before this court. For these reasons and more, the Secretary respectfully requests that the court issue a report and recommendation that this case be dismissed with prejudice as sanctions for plaintiff's unyielding refusal to comply with the court's directives and prosecute his case.

## BACKGROUND

### Generally

This is a *pro se* employment discrimination action brought against a federal agency under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, concerning events nearly a decade old. Plaintiff is a former Administrative Specialist for the Forest Service, an agency within the Department of Agriculture, who was removed because of his unacceptable performance and serious misconduct beginning from his hiring in August 2000 until his termination in November 2003. *See generally Kidd v. Dep't of Agriculture*, No. DC-0432-04-0113-I-1, slip op. (MSPB, Washington Regional Office, Mar. 19, 2004) (Merit Systems Protection Board decision recounting plaintiff's egregious work performance and numerous incidents of misconduct; rejecting plaintiff's allegations of race discrimination and retaliation; and affirming the agency's decision to terminate).[1]

---

[1] The administrative decisions and other unpublished authority cited in this brief are available in the Appendix to Dkt #33.

Plaintiff alleges that his removal and various other disciplinary actions—including his suspensions for being AWOL on multiple occasions and for the unauthorized use of his government credit card in the amount of $16,444.59—were motivated by unlawful race discrimination and retaliation for engaging in protected activity. *See id.* at 15; *Kidd v. Schafer*, EEOC Appeal No. 0120070566, 2008 EEOPUB LEXIS 4203, \*2-\*3 (EEOC, Office of Federal Operations, Dec. 3, 2008); *see also Kidd v. Johanns*, EEOC No. 100-2003-08091X, slip op. at 8-9 (EEOC, Washington Field Office, Aug. 25, 2005); *Kidd v. Veneman*, USDA Compl. No. 010740, slip op. at 2 (USDA, Office of Civil Rights, Dec. 3, 2003). For this he seeks a half million dollars in damages, plus reinstatement at the GS-15 level, though he was a GS-9 level employee when he was terminated. *See id.* at 1; Compl. ¶ E.

Plaintiff originally filed his complaint in March 2009 in the District of Columbia. The D.C. district court transferred the case to this district on August 4, 2009, and discovery commenced two days later. *See* Dkts #18-19. On August 26, this court issued a Rule 16(b) scheduling order that, among other things: (a) ordered that "[a]ll Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by September 16, 2009"; (b) adopted the parties' joint discovery plan requiring "responses [to interrogatories and document production requests to] be due [within] thirty calendar days," plus three days for service; and (c) required that service of discovery responses be performed "by first-class mail." Dkt #24.

**Plaintiff's Failure to Comply with Multiple Court Orders
Commanding Him to Serve His Initial Disclosures**

On September 16, 2009, notwithstanding the court's Rule 16(b) order, plaintiff not only failed to serve his initial disclosures, he declined to inform the Secretary that they would not be forthcoming.  After hearing nothing from plaintiff, on September 18 undersigned counsel contacted him by phone to request the disclosures, only to be informed that he had not begun compiling them due to some unspecified health issues and would "attempt" to provide them by the following Monday, September 21.  *See* Dkt #26, GEX 2.  At no point did plaintiff indicate that he was incapable of providing his initial disclosures or that he failed to comprehend his obligation to do so.  The Secretary then gave plaintiff a full week's extension, until the following Wednesday, September 23, and allowed him to perform service by email to expedite receipt of the disclosures.  *See id.*  But September 23 came and went with no word from plaintiff, and the Secretary waited an additional nine days beyond the week's extension he already provided before filing a motion to compel.  *See* Dkt #26.

Rather than oppose the Secretary's motion to compel or compile his initial disclosures, plaintiff responded by trying a second time around to have the court appoint him counsel free of charge, filing a one-page, verbatim copy of a motion for appointment of counsel that he had unsuccessfully filed earlier in this litigation, which this court denied (again) in short order.[2]  *Compare* Dkt #2 *with* Dkt #28; *see*

_____

[2]  It bears mentioning that plaintiff once more violated the Federal Rules by failing to serve this paper on the Secretary.  Fed. R. Civ. P. 5(d).

Dkt #31.

The Secretary's motion to compel was heard on October 9 before Judge Anderson. Although the hearing date was duly noticed and sent to plaintiff by mail and email, which he indicated he had received in a response email to undersigned counsel, *see* DEX 1, plaintiff did not appear at the hearing, and Judge Anderson granted the motion from the bench. *See* Dkt #29. The Secretary had requested the court to order that plaintiff's disclosures be made forthwith and no later than October 12. *See* Dkt #26. However, Judge Anderson generously gave plaintiff until October 16 to submit the disclosures—a full month past their due date. *See* Dkt #30. In the order, the court expressly warned:

> The plaintiff is hereby notified that failure to comply with this, or any, court order may result in the court imposing sanctions on plaintiff pursuant to Federal Rule of Civil Procedure 37(b), which may include the dismissal of this action in whole or in part.

*Id.* Predictably, October 16 came and went—and still no initial disclosures from plaintiff.

On November 20, upon the Secretary's second motion to compel, Judge Anderson issued a *second* order to compel plaintiff's initial disclosures, providing him with yet another deadline that was even more generous than the first. Dkt #40. This time, the court granted plaintiff two full weeks from the date of the order for him to make his initial disclosures, until December 4. *Id.* The court expressly held that plaintiff's failure to comply with the second order to compel "*will result* in the imposition of sanctions, which may include a recommendation" for dismissal of

the complaint with prejudice. *Id.* (emphasis added).

But plaintiff ignored the second deadline, as he has all the court's orders. To this day, nearly three months after the disclosures were due and over four months since discovery commenced, the Secretary has heard *not a word* from plaintiff regarding his initial disclosures, and remains in the dark as to the factual bases and evidence on which he intends to rely to flesh out his bare-bones, one-and-a-half-page complaint.

### Plaintiff's Failure to Comply with Multiple Court Orders Commanding Him to Serve His Responses to Interrogatories and Document Production Requests

On September 29 and October 2, 2009, defendant served on plaintiff two sets of interrogatories and one document production request by first-class mail. *See* Dkt #37, GEX 1. The responses to these requests were due, per the court's August 26 scheduling order, on November 2 and 4.[3] On November 9, having received not a single sheet of paper from plaintiff since discovery began on August 6, defendant consulted with plaintiff by letter and email, requesting responses to the discovery

---

[3] On October 22, after the court granted defendant's first motion to compel, plaintiff sent an *email* to undersigned counsel that provided incomplete answers to just two of the Secretary's multiple interrogatories, without any certification that the responses were truthful. Undersigned counsel immediately responded to plaintiff, thanking him for attempting to respond at all, and explained to him that he must send responses to all of the interrogatories propounded and that the responses must be "in paper with a sworn statement that they are the complete truth" as required by the Federal Rules and the court's orders. DEX 1. Moreover, at the November 20 hearing, Judge Anderson explained to plaintiff that email responses were insufficient, and that discovery responses were to be done by sworn statement. Plaintiff, of course, ignored the Secretary's and Judge Anderson's instructions and further failed (and continues to fail) to respond at all to the document production requests, which precipitated the second motion to compel.

requests, and provided him over a week's extension to serve the responses, until November 12.  *See* Dkt #37, GEX 2.  On November 12, defendant again received nothing from plaintiff.

The Secretary was forced to file a second motion to compel discovery, requesting the court to order his discovery responses forthwith and no later than Monday, November 23.  Dkt #36.  Instead, on November 20, Judge Anderson generously granted plaintiff until December 4 to serve responses, a full month after their due date.  Dkt #40.  At the hearing on the motion, Judge Anderson provided detailed instructions on precisely what was demanded of plaintiff in regard to the discovery responses, commanding him to serve the papers such that they were physically in the possession of the Secretary by December 4.  Moreover, Judge Anderson explained that sending unsworn and unsigned emails to undersigned counsel was unacceptable, and that plaintiff must respond completely to the discovery requests, such that if he could not provide an answer or document, *e.g.*, if he did not have the documents in his possession, he must affirmatively state as much in his sworn response.  With that, the court granted the second motion to compel and ordered plaintiff to "submit *full and complete* responses to defendant's propounded discovery requests and interrogatories" by December 4 and that the "failure on the part of the plaintiff to provide full and complete responses as directed by this Order *will result* in the imposition of sanctions, which may include a recommendation that all of plaintiff's claims be dismissed."  Dkt #40 (emphases added).

Plaintiff ignored that order as well.  As to the Secretary's document production requests, to this day, a full week past the court-ordered due date, plaintiff has produced *nothing at all*, either by email or otherwise.

As to the interrogatories, on December 3 plaintiff once again failed to comply with the court's instructions, and this time, instead of emailing them, *see supra* note 3, he *faxed* purported answers to the Secretary's interrogatories.  DEX 2.  However, plaintiff's purported answers were incomplete and unacceptable, even though the Secretary sought information that was straightforward and easily within plaintiff's personal knowledge.  For example, in response to the interrogatory concerning his alleged financial losses, plaintiff failed to provide any factual basis for his claimed losses, even though the interrogatory specifically demanded this information, which of course is critical to a damages defense in any employment discrimination action.  *See id.*; Dkt #37, GEX 1.  Moreover, in response to the interrogatory requesting his sources of income and their amount, plaintiff demanded that *the Secretary* discover this information by processing a Form 8821 with the IRS.  *See id.*  Put to one side that such an "answer" is unresponsive to the question because federal taxpayer information does not reveal sources of income not reported to the IRS; nor does plaintiff indicate in his answer that all his income has in fact been reported.  But to respond to a discovery request with a boomerang request that the opposing party discover the information on its own turns the entire purpose of discovery on its head.

### Plaintiff's Last Chance to Comply
### with the Court's Discovery Orders

Due to the prejudice to defendant's case resulting from plaintiff's failure to comply with multiple court orders, the Secretary filed a motion for sanctions seeking the dismissal of this action. Dkt #32. On November 20, 2009, Judge Brinkema heard the motion. When she admonished plaintiff from the bench for not showing up at the hearing on the first motion to compel, plaintiff claimed that he did not receive or did not recall receiving the notice of hearing date on the motion, but undersigned counsel produced on the spot the email string showing that he had in fact received the notice. *See* DEX 1. Judge Brinkema then generously provided plaintiff a final opportunity to comply with the discovery orders of the court. In her order dated November 23, the court, gathering all the outstanding discovery obligations and orders that plaintiff was violating, commanded that he "comply fully with these obligations and Orders," and that "any failures by plaintiff" to do so "*will result* in the Court . . . dismissing this complaint with prejudice." Dkt #42 (emphasis added). With that, the court held the Secretary's motion to dismiss in abeyance for the sole purpose of "allow[ing] the plaintiff *one last chance* to comply with his disclosure and discovery obligations and Judge Anderson's Orders of October 9, 2009 and November 20, 2009." *Id.* (emphasis added). This order, too, has been ignored by plaintiff.

Plaintiff having now violated *four* court orders, the Secretary hereby requests that the court enforce its order to prevent plaintiff from further abusing the judicial system and from inflicting undue prejudice on defendant's case in chief.

## SUMMARY OF ARGUMENT

At this point, plaintiff's egregious discovery violations have rendered it impossible for the Secretary to put on a defense to the unspecified claims in the one-and-a-half-page complaint. It is now over *four months* since discovery in this case began, and the Secretary has no clue as to the factual and evidentiary bases on which plaintiff will rely to flesh out his claims. In effect, this case has been stalled since day one of discovery, wasting the time of both the Judiciary and the Government, for no reason other than plaintiff's recalcitrance and failure to comply with a straightforward deadline and the most basic and threshold of discovery requirements.

More than a reflection of his cavalier attitude toward the judicial system and his lack of respect for the court and its orders, plaintiff's failure to comply with the discovery schedule—despite the court's repeated and progressively severe demands that he do so—actually serves as an effective means of prejudicing the Secretary's case and wasting precious judicial resources. Plaintiff's failure to respond to the request for documents and to provide his initial disclosures has prevented undersigned counsel from deposing plaintiff, not to mention his trial witnesses (since the Secretary has no idea who they are). By the time this motion is heard, there will be less than a month left before discovery closes (and this includes the winter holidays), whereas this case will be at the same stage of litigation it was four months ago when discovery commenced.

Federal Rules of Civil Procedure 16(f), 37(b), and 41(b) contemplate dismissal precisely in circumstances such as these. Rule 16(f) authorizes the court to impose

costs and to issue "any just orders," including dismissal, for a plaintiff's "fail[ure] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Rule 37(c) states that where, as here, the plaintiff "fails to provide information or identify a witness as required by Rule 26(a)," he shall be precluded from using the witness or information in the litigation, and authorizes additional sanctions, including dismissal of the complaint. Fed. R. Civ. P. 37(c)(1). Finally, Rule 37(b) specifically authorizes the court to preclude evidence or dismiss the case where the plaintiff, like Mr. Kidd, has flouted discovery orders. Fed. R. Civ. P. 37(b)(2)(A).

Because plaintiff has made no disclosures at all, stalling the progression of his case for months, and thumbed his nose at the court's direct order that he serve his initial disclosures, at a *minimum* he must be precluded from using the witnesses and evidence he failed to disclose under Rule 37(c)(1). As such a preclusion prevents plaintiff from presenting his case in chief, it is tantamount to dismissal of the action. Moreover, even if plaintiff were not precluded from presenting his case under Rule 37(c)(1), Rule 37(b) provides independent grounds for dismissing his case for his violation of the court's discovery orders as to the disclosures, the interrogatories, and production requests. Such a sanction is more than warranted here.

Rule 41(b) separately authorizes dismissal for either of two reasons—"failure to prosecute" or failure "to comply with the[ Federal] rules or a court order." Fed. R. Civ. P. 41(b). Both grounds for dismissal are present in this case, for Mr. Kidd has done virtually nothing to facilitate the litigation of his complaint and, in particular, has failed to comply with the Federal Rules, the Local Civil Rules, and orders of this

court directing him to serve the Rule 26(a) disclosures and other discovery responses.

For the reasons described in greater detail below, plaintiff must be precluded from presenting evidence and calling witnesses that he has failed to disclose in the face of four court orders, and this case must therefore be dismissed under Rules 37(b) and 37(c)(1).  In the alternative, dismissal under Rule 41(b) is not only appropriate but necessary to prevent undue prejudice to the Secretary.  Where, as here, the plaintiff's behavior has ensured that there is no time left for the defendant to put on a defense at trial, the Rules specifically contemplate dismissal as the appropriate sanction and remedy.  For these reasons, the court should enforce Judge Brinkema's order of November 23 and this action should be dismissed with prejudice pursuant to Rule 37(b) and/or Rule 41(b).

## ARGUMENT

I.   **THE COURT SHOULD IMPOSE SANCTIONS AND RECOMMEND THE DISMISSAL OF THIS ACTION FOR PLAINTIFF'S REPEATED FAILURE TO COMPLY WIHT ITS DISCOVERY ORDERS**

First, this court should issue a report and recommendation that this action be dismissed with prejudice as sanctions for plaintiff's violations of its discovery orders, pursuant to Federal Rule of Civil Procedure 37(b).

### A.    Applicable Law

The district courts have broad discretion to impose sanctions and to dismiss an action pursuant to Rule 37(b), the exercise of which is reviewed for an abuse of discretion.  *See Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985).  As the Supreme Court has explained:

> [T]he most severe in the spectrum of sanctions provided
> by statute or rule must be available to the district court in
> appropriate cases, not merely to penalize those whose
> conduct may be deemed to warrant such a sanction, but to
> deter those who might be tempted to such conduct in the
> absence of such a deterrent.

*Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

The Fourth Circuit has made clear that district courts "must have the authority to

control litigation before them, and this authority includes the power to order

dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*,

882 F.2d 93, 95 (4th Cir. 1989).

Rule 16(f) "authorizes district courts to employ those sanctions provided in

Rule 37 . . . including dismissal[] in a number of situations such as where a party or

its attorney fails to obey a scheduling or pretrial order." *See United States v. One

Tract of Real Property*, 107 F.3d 868, 1997 WL 71719, *2 (4th Cir. 1997) (table).

"The decision of what sanction is appropriate under the prevailing circumstances is

within the district court's discretion." *Id*.

Rule 37(b) governs the court's authority to impose sanctions for violations of a

court's Rule 16(b) scheduling order as well as a court's order to compel a plaintiff's

initial disclosures and discovery. *See* Fed. R. Civ. P. 16(f)(1) & 37(b)(2); *Rabb*, 769

F.2d at 999. In this case plaintiff has violated the court's Rule 16(b) scheduling

order, two orders compelling his Rule 26(a) disclosures, its order compelling

discovery responses, and its final order granting plaintiff one last chance to comply

with all his discovery obligations.

Also relevant is Rule 37(c), which governs the consequences for a plaintiff's

failure to make initial disclosures.  That rule mandates that "[i]f a party fails to provide the information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The rule's preclusion of undisclosed evidence is mandatory and "self-executing"; that is to say, exclusion of the undisclosed evidence is an "automatic sanction" that is to be imposed "without need for a motion."  *See* Fed. R. Civ. P. 37(c) advisory committee note (1993 amendments).

In addition to the mandatory preclusion of evidence, the court may order further sanctions, including dismissal of the case.  The Fourth Circuit has articulated four factors a district court must consider in determining whether dismissal is appropriate under Rule 37(b): "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."  *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *accord Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (en banc).

### B.     Analysis

Here, a Rule 37(b) sanction is warranted, as plaintiff has flouted no less than four court orders concerning discovery.  Moreover, all of the factors articulated by the Fourth Circuit in *Anderson* weigh in favor of dismissal.

### 1.    At A Minimum, Plaintiff Must Be Precluded From Putting On The Evidence And Witnesses He Failed To Disclose, Which In This Case Is Tantamount To Dismissal

The minimum and mandatory remedy for a Rule 26(a) violation is that the plaintiff "is not allowed to use th[e] information or witness" he failed to disclosed for his case in chief.  Fed. R. Civ. P. 37(c)(1).[4]  As noted, the preclusion of undisclosed evidence for Rule 26(a) violations is an "automatic sanction" that is to be imposed "without need for a motion."  *See* Fed. R. Civ. P. 37(c) advisory committee note (1993 amendments); *see also Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003).  Here, the infraction is more egregious than the more usual failure to disclose because plaintiff has flouted *two* separate court orders *compelling* him to make the disclosures.  The preclusion sanction is thus doubly warranted.

Moreover, because plaintiff has disclosed *nothing*, the appropriate remedy under the rule is that he be permitted to present nothing in support of his case at trial, even though this may be tantamount to dismissal.  Indeed, the Fourth Circuit has expressly contemplated such a sanction by the district courts.  *See Rabb*, 769 F.2d at 1000 ("A trial court may preclude evidence under [Rule 37(b)] even if to do so is tantamount to . . . dismissal.").  Whether the court precludes the evidence not

---

[4]  Preclusion is not necessary where the failure to disclose was "harmless" or "substantially justified."  Fed. R. Civ. P. 37(c)(1); *see Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595-96 (4th Cir. 2003).  But by definition, a plaintiff's defiance of two court orders *compelling* disclosure—the case here—can *never* be substantially justified.  Moreover, by no stretch of the imagination can the failure to disclose *any* evidence or witness be understood as harmless, and here it was seriously prejudicial to defendant, as described *infra* Part I.B.2.b.

disclosed in plaintiff's Rule 26(a) disclosures or simply dismisses the case under Rule 37(b), the end result is the same—the termination of this case.

In a very similar case, this court held that dismissal of a *pro se* plaintiff's complaint was proper for this very reason. There also the *pro se* plaintiff "fail[ed] to provide even the most basic information" and "never submitted her Court-ordered Rule 26(a)(1) initial disclosures," and the defendant moved to dismiss plaintiff's complaint pursuant to Rules 16(f), 37(b), and 41(b). *Nettles v. Costco Wholesale Corp., Inc.,* No. 1:06-CV-847, 2006 WL 3299990, *2 n.1, *3 (E.D.Va. Oct. 20, 2006) (unpublished). In dismissing the action, the court explained that

> because plaintiff failed to produce *any* Rule 26(a)(1)
> disclosures or *any* timely discovery, this option [of
> preclusion] would preclude plaintiff from presenting all
> essential testimony [concerning her case]. . . . Put
> simply, there are two options, either preclude plaintiff
> from producing evidence which she failed to provide, in
> contravention of the [the Rule 16(b) scheduling order], or
> permit plaintiff to turn back the clock and restart the
> discovery process, with nothing more than an admonition.

*Id.* at *4 (emphasis in original). Here, for the court to grant plaintiff yet a *fifth* opportunity to comply with the court's discovery orders with nothing more than an admonition would "serve to *reward* Plaintiff's dilatory actions and encourage others to disregard procedural requirements." *Id.* (citation omitted) (emphasis added). For this reason and to protect the integrity of the court's authority to manage its docket, this court should enter a preclusion ruling against plaintiff and thereby cause the dismissal of this action with prejudice.

## 2.    Dismissal Is Also An Appropriate Sanction For Plaintiff's Failure To Comply With The Court's Discovery Orders

As just explained, the minimum required sanction of preclusion means the termination of plaintiff's case.  *See id.*; *Rabb*, 769 F.2d at 1000.  But putting that to one side, dismissal is independently warranted under Rule 37(b) for plaintiff's defiance of four court orders.  Under the Fourth Circuit's analysis in *Anderson*, a court in dismissing an action for violation of its discovery orders must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."  *Anderson*, 155 F.3d at 504.  Each of these factors weighs in favor of dismissal in the case *sub judice*.

As a preliminary matter, it bears repeating that this court has warned plaintiff four times in no uncertain terms that failure to comply with the court's orders could result in dismissal.  Dkts #11, #30, #40, #42; *see Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (noting that a district court should provide advance notice of the potentiality of dismissal for failure to obey Rule 16(b) scheduling orders and Rule 37(b) orders to compel discovery).

a.    ***Bad Faith***.  As to the first *Anderson* factor, plaintiff clearly has acted willfully, in bad faith.[5]  *Anderson*, 155 F.3d at 504.  In this circuit, bad faith

---

[5]  *But see Law Enforcement Alliance of America, Inc. v. USA Direct, Inc.*, 61 F. Appx. 822, 831 (4th Cir. 2003) (unpublished) (noting that bad faith is not required to impose sanctions under Rule 37(b) for failure to make the required Rule 26(a) disclosures).

includes willful conduct, where the plaintiff "clearly should have understood his duty to the court" but nonetheless "deliberately disregarded" it. *Rabb*, 736 F.2d at 1000. Indeed, the Fourth Circuit has held that a plaintiff's "utter disregard for the disctrict court's discovery timetable set forth in the pretrial order" may constitute willful disregard and bad faith sufficient to uphold a Rule 37(b) dismissal. *Id.* Here, of course, not only did plaintiff exhibit "utter disregard" for the court's scheduling order, on top of this he completely ignored direct orders to compel. The orders were crystal clear, compliance with which did not require legal acumen but common sense. The same is true of the court's Rule 16(b) scheduling order, which merely affirmed a schedule that plaintiff himself had agreed to follow. Plaintiff also was well aware of the deadline for the initial disclosures, as undersigned counsel extensively discussed with him the Secretary's need for them before the scheduled deadline by both email and telephone and even sent him a formal letter demanding that they be served. Dkt #26, GEX 2. Moreover, in open court, both Judge Brinkema and Judge Anderson carefully explained what was required of him, and commanded him to serve his disclosures and discovery responses or face dismissal—which was made explicit in two orders that served also as final warnings to plaintiff.

Plaintiff's culpability for the stall of this litigation is further exacerbated by the fact that his litigation history indicates that he well understood the consequences of failing to comply with court orders, including the potential dismissal of his complaint. Plaintiff was provided a separate warning of the same consequence earlier in this case by Judge Huvelle, when the court ordered that he

respond to a previous motion and "that the failure to respond . . . may result in the district court . . . dismissing the case." *See* Dkt #11. Tellingly, plaintiff promptly (indeed, well in advance of the court's deadline) responded to that warning and obeyed the order, indicating his full cognizance of the serious consequences that might result from noncompliance, as well as his ability, despite acting *pro se*, to litigate his case. *See* Dkt #15.

Nor is it an excuse that plaintiff is proceeding *pro se*. *See* 7 Moore's Federal Practice § 37.50[1][d] (3d ed. 2009) (noting that appellate courts uphold "even the most severe sanctions against *pro se* litigants, including dismissal of the action"). Plaintiff has extensive litigation experience, having filed no less than three EEO complaints, an MSPB appeal, not to mention this civil action, over the past several years. His prior litigation, moreover, culminated in at least two full blown trials before the MSBP and the EEOC, in which he ably represented himself, effectively cross-examining the Secretary's witnesses and putting on his case with documentary evidence and by calling his own witnesses. *See, e.g.*, *Kidd v. Dep't of Agriculture*, MSPB No. DC-0432-04-0113-I-1, slip op. at 1; *Kidd v. Johanns*, EEOC No. 100-2003-08091X, slip op. at 1 (AJ noting that a hearing was held in which six witnesses, including Mr. Kidd, testified). The claim that plaintiff is incapable of answering simple discovery requests or compiling a list of potential witnesses and the evidentiary bases for his complaint, after having experienced the full range of litigation, including discovery, depositions, and two administrative trials, strains credulity.

**b.     *Prejudice to Defendant*.** "[T]he amount of prejudice that noncompliance

caused" the Secretary is substantial, even irreversible.  *Anderson*, 155 F.3d at 504.

In a district known for its expedited discovery schedule, delays of only a few days

can cause substantial prejudice as this court is well-aware.  This is especially true

for Government counsel managing multiple cases and discovery within this

challenging district.  But that aside, plaintiff's failure to provide the threshold

discovery requirement of alerting the Secretary to the evidentiary bases of his case

has essentially stalled the litigation from going forward, placing a clog in the court's

docket.  The Secretary simply cannot prepare any defense whatsoever without

knowing on what facts and witnesses plaintiff would base his case.  The Fourth

Circuit has upheld a district court's dismissal in very similar circumstances, where

the appellant violated pretrial discovery orders, including the threshold matter of

conferring on a scheduling order.  *See One Tract of Real Property*, 107 F.3d 868,

1997 WL 71719, at *1-*2.  The court of appeals held that the plaintiff's "conduct was

prejudicial to the Government []because it could not defend against claims, facts,

and witnesses that [the appellant] refused to provide."  *Id.* at *3.  That is precisely

the case here, as the Secretary's case is prejudiced in that he cannot proceed at all

without plaintiff's cooperation and obedience to the court's orders.  *See Hathcock*, 53

F.3d at 40 (noting that dismissal is appropriate where the violation is "prejudicial to

the presentation of [the defendant's] case").

     At this point the prejudice to the Secretary's case is irreparable, given the

close of discovery in a matter of weeks that includes the winter holidays during

which the scheduling of depositions and other discovery matters is invariably

hampered or delayed.  Moreover, the earliest that the motion to dismiss may be

heard before Judge Brinkema is January 15, 2010—the very day that discovery closes. By then, with zero discovery in hand, the Secretary will be completely unable to present any defense to whatever claims plaintiff intends to bring before a jury. In short, plaintiff's discovery violations have incapacitated the Secretary from presenting his case.

**c.    *Need for Deterrence*.** The factor "the need for deterrence of the particular sort of non-compliance" also weighs strongly in favor of dismissal. *Anderson*, 155 F.3d at 504. As just explained, plaintiff's recalcitrance (or tactic) in regards to discovery has inflicted serious damage on defendant's ability to understand, much less defend, the claims alleged against the agency. No court can allow such violations to go excused without vitiating the Judiciary's administration of justice.

Moreover, there comes a point when a court must put teeth behind its orders, in order to preserve its ability to manage all the litigation before it. *Nat'l Hockey League*, 427 U.S. at 643. This court expressly ordered that it *will* impose sanctions and dismiss this case if plaintiff does not comply with his disclosure and discovery obligations. *See* Dkt #42. A failure to sanction plaintiff, as expressly threatened in the court's orders, can only serve to undermine the court's ability to be taken seriously by recalcitrant litigants such Mr. Kidd. Defendant has lost count of the number of extensions given to plaintiff by this court and undersigned counsel to come to compliance with his discovery obligations. At some point, a court must say "enough," and here that point was reached long ago.

**d.    *Availability of Lesser Sanctions*.** Fourth and finally, a sanction less than dismissal with prejudice will not do. As explained *supra* Part I.B.1, the minimal

and most narrowly tailored remedy for a Rule 26(a) violation is that plaintiff "is not allowed to use th[e] information or witness" not disclosed for his case in chief, Fed. R. Civ. P. 37(c)(1)—but in this case such a sanction happens to be tantamount to dismissal. *See Rabb*, 736 F.2d at 1000; *Nettles,* 2006 WL 3299990, at \*4.  Moreover, another plea to plaintiff to submit the Rule 26(a) disclosures and discovery without the court putting teeth behind its orders would reward his dilatory conduct.  *Id.*  As this court explained in *Nettles*, there is "no non-arbitrary, intermediate option [short of dismissal] that would permit the matter to proceed, but sufficiently sanction plaintiff for ignoring her Court-ordered obligations."  *Id.*

**\* \* \***

For the foregoing reasons, the court should either preclude plaintiff from putting on his case with evidence and witnesses he has failed to disclose and thereby dismiss this case; or, in the alternative, dismiss this action for his failure to comply with the court's discovery orders.

## II.  THE COURT SHOULD ALSO DISMISS THIS ACTION BECAUSE PLAINTIFF HAS FAILED TO PROSECUTE HIS CASE AND HAS DISOBEYED ITS ORDERS

In the alternative to imposing the sanction of dismissal pursuant to Rule 37(b), this court also has strong grounds to dismiss this action for failure to prosecute under Rule 41(b).

### A.  Applicable Law

Rule 41(b) authorizes two types of involuntary dismissals: dismissals for failure to prosecute and dismissals for failure to comply with a court order or any

federal rule.  Fed. R. Civ. P. 41(b).  In this case, dismissal is appropriate on either of these two grounds.  Although the Fourth Circuit has cautioned that dismissal under this rule "is a harsh sanction which should not be invoked lightly," *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotations omitted), dismissal is appropriate—even necessary—in certain circumstances.  Moreover, the cases are legion wherein the courts have dismissed under Rule 41(b) for failure to prosecute and for violation of court orders.  *See, e.g., Janeau v. Pitman Mfg. Co.*, 998 F.2d 1009, 1993 WL 280354, *3 (4th Cir. 1993) (table).  This is one of those cases in which imposing such a sanction is necessary.

In this circuit, courts review four factors to determine whether dismissal for failure to prosecute is appropriate: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal.  *See Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).  An evaluation of these four factors weigh strongly  in favor of dismissing this case under Rule 41(b), and overlap with the analysis of dismissal under Rule 37(b), discussed *supra* Part I.B.2.

### B.    Analysis

As to (1) the degree of personal responsibility of the plaintiff, usually this factor is at issue where the plaintiff is counseled and the court is required to evaluate to what extent the failure to prosecute is the fault of the plaintiff versus his attorney.  *See, e.g., Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974).  Here,

however, this factor cannot be in doubt as plaintiff is solely responsible for his conduct and litigating his own case.  Moreover, as discussed *supra* Part I.B.2.a,  it bears repeating that plaintiff's bad faith and willful disregard of the court and its orders amply demonstrate that plaintiff is culpable and responsible for the stall of this litigation and discovery violations.  Likewise, (2) the substantial prejudice to defendant is obvious and has already been elaborated in detail *supra* Part I.B.2.b.  Plaintiff (3) has an undeniable history of deliberately proceeding in a dilatory fashion, also discussed in detail above, *supra* Background & Part I.B.2.c.  And finally, (4) lesser sanctions will not do, since the most tailored and narrow sanction for plaintiff's flouting of the court's orders and Federal Rules would result in him having no case to present, which is tantamount to the relief requested in this motion, *see supra* Part I.B.2.d.

## CONCLUSION

For the foregoing reasons, this court should grant the Secretary's motion for sanctions and issue a report and recommendation that this action be dismissed action with prejudice under Rule 37(b) and/or Rule 41(b).

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

*By*:_____/s/_____
Bernard G. Kim
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue

-24-

Alexandria, Virginia 22314
(703) 299-3911 (direct)
(703) 299-3983 (fax)
bernard.kim@usdoj.gov
*Attorney for the Defendant*

*Of Counsel*:
Dionne Sethna
Department of Agriculture
Office of the General Counsel
1400 Independence Avenue, SW, Rm 3324B-S
Washington, DC 20250-1400
(202) 720-0611 (phone)
(202) 720-4089 (fax)
dionne.sethna@ogc.usda.gov

DATED:  December 11, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2009, I will serve a true copy of

the foregoing to plaintiff, by email and first-class mail, addressed to:

Lawrence Kidd
10784 Pam Drive
Waldorf, MD 20603
(202) 297-5470
larajak@yahoo.com
*Plaintiff Pro Se*


_____/s/_____
Bernard G. Kim
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3911 (direct)
(703) 299-3983 (fax)
bernard.kim@usdoj.gov
*Attorney for the Defendant*